DA 12-0417

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 53

IN RE THE MARRIAGE OF:

LORI LYNN ESLICK,

Petitioner and Appellee,

and

DAVID MICHAEL ESLICK,

Respondent and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-11-691
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David Michael Eslick (Self-Represented), Deer Lodge, Montana

For Appellee:

Joan E. Cook, Attorney at Law, Missoula, Montana

Submitted on Briefs:  January 9, 2013

Decided:   March 5, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     David Michael Eslick (David) appeals from a default final decree of dissolution entered by Montana's Fourth Judicial District Court, Missoula County, after David failed to appear at the final pretrial conference. The District Court entered a default in David's absence after refusing to grant his motion for a continuance of the dissolution proceedings due to an unexpected hospitalization. David alleges that the District Court erred by not granting his motion for a continuance. We reverse the District Court's entry of a default decree and remand to allow David to appear at a final pretrial conference and trial.

**ISSUE**

¶2     David raises the following issue on appeal:

¶3     Did the District Court err in denying David's motion for a continuance?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4     The parties were married on August 15, 2005. David has been incarcerated in the Montana State Prison (MSP) since December 2010. Lori Lynn Eslick (Lori) petitioned the District Court for dissolution on October 4, 2011. Lori originally appeared as a self-represented litigant, but retained counsel in March 2012. The District Court allowed David to appear telephonically at all hearings. David proceeded at all times as a self-represented litigant.

¶5     On January 24, 2012, the District Court adopted the scheduling order submitted by David that called for discovery to close on February 29, 2012. The District Court held a

2

status conference on April 10, 2012, at which time it set a June 1, 2012 deadline for the exchange of all witness lists and exhibits. The District Court scheduled the trial for June 25, 2012, with a final pretrial conference to be held on June 12, 2012. When the final pretrial conference was held on June 12, 2012, David did not appear telephonically. Lori's counsel advised the District Court that the clerk of court's office had informed her that an order was returned in the mail from the MSP showing that David was not there. The District Court directed Lori and the clerk to attempt to locate David. Due to David's absence, the District Court rescheduled the final pretrial conference for June 19, 2012.

¶6 Unbeknownst to the District Court, David was experiencing medical problems that required surgery and hospitalization. On May 5, 2012, David went to the MSP infirmary for an examination of his foot, which had been adversely affected by diabetes and was symptomatic. The MSP infirmary determined that David required immediate transportation to St. Patrick Hospital in Missoula, Montana, because his foot had become septic. David was transported to St. Patrick Hospital, and underwent surgery on May 6, 2012, for the amputation of one-and-a-half toes and a portion of the bottom of his foot. David experienced other complications and remained at St. Patrick Hospital until June 11, 2012. Even after David was transported back to the MSP on June 11, 2012, he spent an additional seven days recovering in the prison infirmary. David contends that he did not receive any of his mail until he returned to his designated unit.

¶7 On June 18, 2012, David mailed a motion to the District Court requesting a sixty-day continuance. The District Court held the final pretrial conference on June 19, 2012. Lori appeared and her counsel advised the District Court that David was back at

the MSP. Lori requested that a default be entered against David for his failure to appear telephonically. The District Court granted Lori's request and vacated the trial date. The District Court set a hearing for entry of the final decree on June 26, 2012.

¶8 The District Court received David's motion for a continuance on June 21, 2012. In an order dated June 22, 2012, the District Court noted that it had received David's motion requesting a continuance, and would consider the motion at the scheduled hearing. David failed to appear at the June 26, 2012 hearing. The District Court entered a default decree and declared the parties' marriage dissolved.

¶9 Following his receipt of the default decree, David sent a letter to the clerk of court inquiring as to whether the District Court reviewed his motion for a continuance and whether it would vacate the findings of fact, conclusions of law, and final decree of dissolution. The District Court responded to the letter on July 5, 2012, stating as follows:

> If this is a motion to set aside default it is <u>denied</u>. Mr. Eslick could have made a telephone appearance as he has done several times in the past.

(Emphasis in original.) David appeals from the District Court's decision not to grant his motion for a continuance.

## STANDARDS OF REVIEW

¶10 We review a district court's decision to grant or deny a motion for a continuance for abuse of discretion. *In re Marriage of Fishbaugh*, 2002 MT 175, ¶ 11, 310 Mont. 519, 52 P.3d 395; *In re Marriage of Pospisil*, 2000 MT 132, ¶ 18, 299 Mont. 527, 1 P.3d 364. Any motion for a continuance is within the sound discretion of the district court and we will not overrule the court's decision to deny a request for a continuance unless there

4

is an affirmative showing that he has suffered prejudice. *Fishbaugh*, ¶ 11; *Pospisil*, ¶ 18. A district court abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial prejudice. *In re Marriage of Damschen*, 2011 MT 297, ¶ 39, 363 Mont. 19, 265 P.3d 1245; *Pospisil*, ¶ 18.

## DISCUSSION

¶11 *Did the District Court err in denying David's motion for a continuance?*

¶12 At the June 19, 2012 final pretrial conference, the District Court noted that David had failed to appear twice. Based on his failure to appear, the District Court entered a default decree. The District Court determined that David could have appeared by telephone at the hearing.

¶13 David argues that the District Court should have granted his motion for a continuance based on his unexpected medical emergency. Lori contends that the District Court did not abuse its discretion when it chose not to grant David a continuance. Furthermore, Lori maintains that David suffered no prejudice from the entry of the dissolution decree in his absence.

¶14 "Upon good cause shown and in furtherance of justice, the court may, in its discretion, postpone a trial or proceeding upon other grounds than the absence of evidence under such conditions as the court may direct." Section 25-4-503, MCA. Other jurisdictions have recognized that "it is well established that the unexpected absence of a party is generally a good reason for granting a continuance." *See e.g. Cherry Creek Sch. Dist. No. 5 v. Voelker*, 859 P.2d 805, 809 (Colo. 1993); *Young v. Redman*, 55 Cal. App.

5

3d 827, 831, 128 Cal. Rptr. 86, 88 (Cal. App. 1976) ("The denial of a motion for continuance for absence of a party may constitute an abuse of discretion by the trial court sufficient to justify reversal only where there is an affirmative showing of 'good cause,' such as serious illness or unforeseen circumstances which prevented a party from appearing at trial."); *Fisher v. Perez*, 947 So. 2d 648, 653 (Fla. Dist. App. 2007) ("Denials of motions for continuances in the face of a sudden unexpected medical emergency of either counsel, a party, or a witness have resulted in reversals on appeal in this and other courts.").

¶15    David was at St. Patrick Hospital from May 5, 2012, until June 11, 2012.  During this time period, he received no mail and did not have access to resources that would have allowed him to prepare for the final pretrial conference or the trial.  Even upon his return to MSP, he spent an additional seven days in the infirmary.  While in the infirmary, David did not receive any mail and was unable to prepare for the dissolution proceedings.  When David returned to his unit on June 18, 2012, he received his mail for the first time in over a month and learned that the final pretrial conference would be held the next day.  David drafted his motion for a continuance and accompanying brief as soon as he could, and mailed these documents to the District Court on June 18, 2012.  The procedures at MSP require inmates to request use of a telephone well in advance, so David was unable to appear telephonically at the June 19, 2012 hearing.  The District Court entered a default against him at the June 19, 2012 hearing, unaware of the extenuating circumstances surrounding David's failure to appear.  However, even after

6

receiving David's motion for a continuance on June 21, 2012, the District Court proceeded under the previously adopted schedule.

¶16 Under these circumstances, we conclude that David has demonstrated good cause for granting his motion for a continuance. David's unexpected medical emergency and the conditions of his incarceration were circumstances beyond his control that prevented his appearance at the final pretrial conference.

¶17 Next, we must consider whether David's inability to appear at the dissolution proceedings resulted in prejudice. "The moving party must make an affirmative showing that he or she has suffered prejudice as a result of the court's denial of the motion for a continuance." *Fishbaugh*, ¶ 11; *Pospisil*, ¶ 18. David was unable to appear at the final pretrial conference and the trial. Therefore, he was unable to present any witnesses or exhibits for the District Court's consideration. This Court has previously held that "conclusory statements" alleging that the District Court "relied on a one-sided view of the facts" were insufficient to demonstrate prejudice. *Fishbaugh*, ¶ 14. However, in the instant case, David specifically disputes the District Court's findings regarding several of the marital debts, assets, and Lori's financial representations. The District Court entered its findings of fact, conclusions of law, and default decree of dissolution without the benefit of David's arguments. We conclude that David has sufficiently demonstrated that he suffered prejudice as a result of the District Court's refusal to grant his motion for a continuance.

¶18 Under these extraordinary circumstances, we hold that the District Court abused its discretion in refusing to grant David's motion for a continuance.

7

## CONCLUSION

¶19    For the foregoing reasons, we reverse the District Court's entry of a default dissolution decree, and remand this matter to allow the District Court to reschedule the final pretrial conference and trial.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ BETH BAKER