FILED

09/19/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0621

DA 16-0621

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 234N

IN THE MATTER OF:

I.L.E.,

      A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDN 15-125
Honorable Elizabeth Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gregory D. Birdsong, Birdsong Law Office, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Ryan W. Aikin, Assistant
Attorney General, Helena, Montana

          John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  July 12, 2017

Decided:  September 19, 2017

Filed:

                    Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.E. (Father) appeals an order of the Montana Eighth Judicial District Court, Cascade County, terminating his parental rights to I.L.E., a two-year-old child. Father raises three issues on appeal: whether the District Court abused its discretion in denying his motion to continue the termination hearing, whether the District Court abused its discretion by entering findings of fact not supported by substantial evidence, and whether the District Court committed reversible error by failing to correctly interpret § 41-3-609(4)(c), MCA, in its conclusions of law. We affirm.

¶3 On May 6, 2015, the Montana Department of Public Health and Human Services (DPHHS) removed I.L.E. from the care of Father and S.M. (Mother) into emergency protective custody upon discovery of recent methamphetamine use by Father and Mother. DPHHS subsequently sought and obtained emergency protective services and temporary legal custody pursuant to Title 41, chapter 3, MCA. After adjudicating I.L.E. a youth in need of care upon hearing, the District Court ordered a treatment plan on September 11, 2015, requiring Father to address his chemical dependency and mental health issues and enroll in an approved parenting program. The treatment plan, scheduled to be completed

2

on March 15, 2016, also required Father to "maintain[] constant contact with his child and demonstrate his ability to independently attend to all of [I.L.E.'s] basic needs."

¶4 At a status hearing on December 11, 2015, the State reported that Father continued to test positive for methamphetamine, failed to maintain contact with DPHHS, and had yet to complete any requirement of his treatment plan. On May 9, 2016, after being sentenced to a 13-month commitment to the Montana Department of Corrections (DOC) for placement in an appropriate correctional facility or program, and a consecutive 3-year DOC commitment suspended, on the offense of felony DUI, Father enrolled in the Warm Springs Addiction Treatment and Change Program (WATCh) for in-patient chemical dependency treatment.

¶5 On August 16, 2016, during the pendency of his initial 13-month DOC commitment, the State filed a petition to terminate Father's parental rights on the asserted ground, *inter alia*, of failure of court-ordered treatment plan. On September 13, 2016, prior to the scheduled termination hearing, Father filed a motion seeking a continuance of the termination hearing until January 2017 on the asserted grounds that: (1) the scheduled hearing would interrupt his focus on treatment in the WATCh program; (2) without a continuance he would have to participate in the hearing telephonically; and (3) he could not adequately participate in the termination hearing by telephone. The District Court denied Father's motion.

¶6 At the termination hearing, Child Protection Specialist Darcie Rupp testified that Father had not provided evidence of any mental health treatment, was enrolled but had not

3

yet completed the WATCh program, and had not completed required parenting classes. Rupp further testified that Father had only visited I.L.E. twice in the prior seventeen months and that, under the circumstances, he could not complete the treatment plan requirement for adequate parent-child bonding in a reasonable amount of time. Based on various findings of fact and conclusions of law, the District Court granted the State's petition and terminated Father's parental rights to I.L.E. Father appeals.

¶7      We review a district court's decision to grant or deny a motion for a continuance for an abuse of discretion. *In re Marriage of Eslick*, 2013 MT 53, ¶ 10, 369 Mont. 187, 304 P.3d 372. We will not overrule a district court's discretionary denial of a motion for a continuance absent an affirmative showing that the denial prejudiced the substantial rights of the moving party. *Eslick*, ¶ 10. We similarly review a district court's termination of parental rights for an abuse of discretion. *In re J.B.*, 2016 MT 68, ¶ 10, 383 Mont. 48, 368 P.3d 715. A district court abuses its discretion only when acting arbitrarily, without employment of conscientious judgment, or by exceeding the bounds of reason resulting in substantial injustice. *In re M.A.D.*, 2003 MT 10, ¶ 12, 314 Mont. 38, 62 P.3d 717. Our standard of review for district court findings of fact is whether they are clearly erroneous. *In re J.B.*, ¶ 10. Lower court findings of fact are clearly erroneous only if not supported by substantial evidence, the court misapprehended the effect of the evidence, or we nonetheless have a definite and firm conviction that the court was simply mistaken. *In re J.B.*, ¶ 10. We review lower court conclusions of law for correctness de novo. *In re J.B.*, ¶ 9.

¶8 Father first asserts that the District Court unfairly and unreasonably rushed to terminate his parental rights but makes no compelling argument or showing why or how, upon reasonable diligence, he was unable to timely complete his treatment plan as ordered. The record reflects that Father had ample opportunity to complete his treatment plan if so inclined, but simply failed to do so. Father has similarly failed to make any affirmative showing that the District Court's denial of his motion for a continuance actually prejudiced his ability to adequately participate in the scheduled termination hearing. We hold that the District Court did not abuse its discretion in denying Father's motion to continue the termination hearing to afford him additional time to complete the WATCh program and bond with I.L.E.

¶9 We further find no basis upon which to conclude that the District Court abused its discretion in terminating Father's parental rights. A district court may terminate parental rights if: (1) a child is adjudicated a youth in need of care; (2) the parent fails to complete an appropriate court-ordered treatment plan or the treatment plan fails; and (3) the conduct or condition that rendered the parent unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. In making these determinations, the district court must "assess past and present conduct of the parent." *In re L.H.*, 2007 MT 70, ¶ 23, 336 Mont. 405, 154 P.3d 622. It is undisputed that I.L.E. was adjudicated a youth in need of care. Substantial credible evidence supported the District Court's determination that Father failed to complete his treatment plan and that the conduct or condition that rendered him unfit was unlikely to change within a reasonable time under the circumstances. We hold

5

that the District Court did not abuse its discretion in terminating Father's parental rights pursuant to § 41-3-609(1)(f), MCA (treatment plan failure/non-compliance).

¶10 Father nonetheless asserts that the District Court erroneously terminated his parental rights based on an erroneous application and consideration of § 41-3-609(4)(c), MCA (treatment plan/treatment plan failure not required for termination if parent will be incarcerated more than 1 year). In support of this assertion, Father points to the undisputed fact that, pursuant to the terms of his felony DUI sentence, he would likely discharge to probation in less than 1 year upon successful completion of the WATCh program. However, having found the District Court properly terminated his parental rights pursuant to § 43-1-609(1)(f), MCA, we need not reach and address Father's final argument. *In re M.P.*, 2008 MT 39, ¶ 22, 341 Mont. 333, 177 P.3d 495 (termination of parental rights is proper if the district court correctly relies upon any one theory under § 41-3-609, MCA). Therefore, the District Court's judgment terminating Father's parental rights to I.L.E. is hereby affirmed.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. For the foregoing reasons, we affirm.


/S/ DIRK M. SANDEFUR

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE