DA 14-0221

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 293

IN RE THE MARRIAGE OF

LINDA TANASCU, n/k/a
LINDA LUDWIG,

      Petitioner and Appellant,

    v.

GARY TANASCU,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                      In and For the County of Gallatin, Cause No. DR 12-358A
                      Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Kevin S. Brown, Paoli & Brown, PC, Livingston, Montana

      For Appellee:

           Karl Knuchel, Attorney at Law, Livingston, Montana

                      Submitted on Briefs:  October 1, 2014
                                 Decided:  November 12, 2014

Filed:

_____

Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Linda Tanascu (Ludwig) appeals from the District Court's order denying her motion for relief from the dissolution decree and property distribution, which was filed April 1, 2014.  We affirm.

¶2     The issue on appeal is whether the District Court erred in denying Linda's motion to modify the dissolution decree and property distribution.

## BACKGROUND

¶3     The parties were married in 1980 and separated in 2012.  Gary worked in law enforcement during most of the marriage and was entitled to a pension from his employer.  Linda filed a petition for dissolution of the marriage and they exchanged preliminary financial disclosures.  Both parties were represented by counsel and participated in a mediated settlement conference in November 2012.  The District Court described the mediator as "an experienced long-time family law practitioner who also regularly serves as a mediator in family law and other types of cases."  After an exchange of settlement drafts the parties entered a written property settlement agreement in November 2012 and waived the exchange of final financial disclosures.

¶4     The final settlement agreement acknowledges that each party provided declarations of income and expenses and that those documents complied with statutory requirements for preliminary and final financial disclosures.  The settlement specified that Gary had a "defined benefit in a sheriff's retirement account" and that he was currently drawing benefits.  The settlement provided that each party would assume

2

various debts, and that Gary would retain his law enforcement pension. Linda expressly "waive[d] all claim" to Gary's retirement account except that the parties agreed that she would continue as the designated beneficiary of the retirement account for survivor benefits. The parties agreed that Linda would remain in the family home but that it would be sold and that Linda would receive the equity, estimated to be worth about $80,000. Other than the estimated value of the home, the settlement agreement did not set out any valuations of assets or debts. The settlement recited that "[i]nsofar as is legally permissible, the provisions of this agreement may not be modified by any court."

¶5 Linda notified the District Court that she and Gary had reached a full settlement, submitted the signed settlement agreement, and requested a hearing. On March 13, 2013, the District Court convened a hearing on the dissolution petition. Linda appeared at the hearing with her attorney, and while Gary did not appear personally or through counsel, he consented to entry of a decree of dissolution. Linda testified she was satisfied that there had been a full disclosure of "assets, liabilities, incomes and expenses" and that the property settlement agreement was fair and equitable. The District Court concluded the hearing with the oral finding that there was a settlement agreement reached by both parties with the assistance of counsel, and that all agreed that the agreement "is fair and equitable; it is not unconscionable."

¶6 The District Court entered the decree of dissolution on March 8, 2013, finding that the parties had represented that they had disclosed all assets, liabilities, incomes and expenses, and that pursuant to § 40-4-254, MCA, there was good cause to waive the exchange of final disclosures. The District Court further found that the parties had

entered a settlement agreement "which deals with the issues of property, debt distribution and all other related issues," and that the agreement was fair, equitable and "acceptable to both parties." The District Court found that the settlement agreement was not unconscionable and incorporated the settlement agreement as part of the decree. On March 8, 2013, Linda filed a notice of entry of the decree.

¶7 Almost a year later, in February 2014, Linda appeared with new counsel and sought relief from the final decree under § 40-4-208, MCA, and M. R. Civ. P. 60(b). Linda claimed that the property settlement she and Gary previously entered was unconscionable and that the District Court should modify the dissolution decree. Her contention, which she continues in this appeal, is that the District Court wrongfully failed to make findings as to the net value of the marital estate and consequently awarded Gary $1,721,641 while awarding her only $96,112. Linda's petition also complained of her inability to sell the parties' home and that she was going to receive much less from its equity than she had anticipated. Linda arrived at $1.7 million figure by multiplying Gary's life expectancy by the monthly payout he receives from his pension. She contended that upon considering that figure, the settlement agreement is unconscionable and is therefore not binding on the District Court. Gary argued that Linda had voluntarily entered the settlement and had failed to show any changed circumstances making the settlement unconscionable, as required by § 40-4-208(2)(b)(i), MCA. Gary also noted that Linda did not allege that she failed to understand the settlement, that she was unaware of the value of the pension, or that Gary had exercised any undue influence or fraud.

4

¶8 After briefing the District Court denied Linda's request to re-open the decree, finding that Linda had not made any claim that she was unaware of the value of the parties' assets and debts, including the home and Gary's pension, when she entered the settlement. The District Court found no basis in fact or law to re-open the decree and denied Linda's request.

## STANDARD OF REVIEW

¶9 This Court reviews a district court's ruling under M. R. Civ. P 60(b) for an abuse of discretion, in cases not involving a default judgment. *In re Marriage of Anderson*, 2013 MT 238, ¶ 13, 371 Mont. 321, 307 P.3d 313. A district court's determination of whether a property settlement agreement is unconscionable is presumed to be correct and will not be overturned unless there was an abuse of discretion. *Marriage of Anderson*, ¶ 17.

## DISCUSSION

¶10 *Whether the District Court erred in denying Linda's motion to re-open and modify the dissolution decree and property distribution.*

¶11 Linda's motion to re-open and modify the decree of dissolution relies upon § 40-4-208(3)(b), MCA. That section provides that "provisions as to property distribution" in a dissolution of marriage may only be modified by a court "if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." Linda in turn cites M. R. Civ. P. 60(b) which provides, in part, that a court may grant relief from a final judgment or order upon "any other reason that justifies relief." M. R. Civ. P. 60(b)(6). She contends that relief is justified here because the

5

underlying property settlement that she and Gary entered was unconscionable and that the District Court erred in approving it without making an independent determination of the nature and value of all assets of the marriage.

¶12 In this situation—proposed modification of a property settlement previously incorporated into a decree of dissolution—the catch-all "any other reason" ground for modification in M. R. Civ. P. 60(b)(6) necessarily requires application of the relevant statutes on marriage dissolution and property division. Section 40-4-201, MCA. Rule 60(b) therefore provides no alternate or independent ground for a court to consider a request to modify a prior property settlement. *Anderson*, ¶¶ 23-29 (motion under M. R. Civ. P. 60 to reopen a property settlement is analyzed under the marriage dissolution statutes).

¶13 While Linda contends that the decree of dissolution "awarded" $1.7 million to Gary and less than $100,000 to her, the District Court made no such actual award and neither did the parties' property settlement. The settlement only recites that Gary is "currently drawing" his retirement benefits and that Linda "waives all claim" to those benefits. While not stated in the settlement agreement, Gary disclosed the value of his retirement benefit as approximately $4000 per month. The financial disclosures that the parties exchanged prior to settlement and the settlement agreement itself leave no doubt that Linda was aware of Gary's retirement benefit and aware of the amount he received each month. Significantly, one of the benefits that Linda obtained in the settlement, expressed in the settlement agreement, was that she will continue as the contingent beneficiary to Gary's retirement account and will therefore receive the benefits herself if

6

Gary predeceases her. Linda does not contend that there was any fraud or failure to disclose the financial situation regarding Gary's retirement benefits. Linda does not contend that at the time of the settlement she lacked any information necessary to calculate the total potential payout from Gary's retirement. She only contends that she should have sought a different deal during the settlement.

¶14 The public policy of the State of Montana is to "promote the amicable settlement of disputes that have arisen between parties to a marriage." Section 40-4-101(2), MCA; *In re Marriage of Miller*, 189 Mont. 356, 362-63, 616 P.2d 313, 318 (1980). Further, Montana law promotes the use of written settlement agreements "for the disposition of any property" upon separation or dissolution of a marriage. Section 40-4-201(1), MCA. Except for terms providing for support, parenting and parental contact with children, the terms of a separation agreement are "binding upon the court unless it finds" that the separation agreement is unconscionable. Section 40-4-201(2), MCA. If an agreement between the parties limits modification, a district court "must adhere to the non-modification clause and cannot later modify the agreement." *In re Marriage of Cortese,* 2008 MT 28, ¶ 9, 341 Mont. 287, 176 P.3d 1064. Where a property settlement provides that it "may not be modified by any court," as does the agreement in this case, the agreement may not be modified by a court. *In re Marriage of Bolstad*, 203 Mont. 131, 135, 660 P.2d 95, 97 (1983).

¶15 Accordingly, when the parties have signed and executed a property settlement agreement and conscionability is not raised as an issue, the court need not determine the net worth and "must conclude" that the parties have determined the value of their assets.

7

*Marriage of Miller*, 189 Mont. at 363, 616 P.2d at 318. When the parties have entered a separation agreement and neither party presents any dispute as to the valuation or distribution of any asset, the district court is not required to make a determination of the worth of the marital estate. *In re Marriage of Caras*, 263 Mont. 377, 382, 868 P.2d 615, 618 (1994). We reaffirm the holdings in *Marriage of Miller* and *Marriage of Caras*, that when the parties enter a property division settlement in a marriage dissolution the district court is not required to identify and ascertain the value of marital assets.

¶16 Therefore, when the District Court entered the decree of dissolution incorporating the parties' settlement agreement, it was not required to determine the value of any assets covered by the settlement agreement. The parties presented a signed written agreement containing the provisions described above, and Linda herself appeared with counsel before the District Court and testified that the terms of the settlement were fair and equitable and that both parties had fully disclosed their assets, liabilities, incomes and expenses. A district court will not be held in error when, as here, the party now objecting consented and failed to lodge any objection. *Marriage of Anderson*, ¶ 28. Linda not only failed to enter any objection to the settlement agreement, she actively endorsed it to the District Court.

¶17 In conclusion, Linda entered a property settlement agreement with full knowledge of the relevant facts. Linda did not present any substantial reason that her agreement to the settlement should be overturned or that the dissolution decree should be modified. The decision of the District Court denying Linda's motion to re-open and modify the decree was not an abuse of discretion and is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE