FILED

03/25/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0098

DA 24-0098

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 61N

IN RE THE MARRIAGE OF:

HANNAH HAN,

Petitioner and Appellee,

and

MAURICE DEGENNARO,

Respondent and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-22-573
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Marybeth M. Sampsel, Measure Law, PC, Kalispell, Montana

For Appellee:

Robin A. Meguire, Attorney at Law, Great Falls, Montana

Submitted on Briefs:   January 15, 2025

Decided:   March 25, 2025

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant, Respondent below, appeals from the Eleventh Judicial District Court's January 16, 2024, Order denying his Motion to Modify the Final Decree of Dissolution of Marriage. Appellant argues that the District Court abused its discretion by (1) declining to hold an evidentiary hearing despite the existence of significant factual disputes, and (2) denying his request for relief under M. R. Civ. P. 60(b)(3). We reverse and remand.

¶3 Appellant (Maurice) and Appellee (Hannah) married on December 24, 2018, in New York. At the time of their marriage, Maurice was in his eighties and Hannah was in her fifties. They later relocated to Montana, where they acquired a commercial building with an attached residential apartment to open a branch of the antiques business which Maurice had owned and operated for roughly 60 years.

¶4 Hannah filed a Petition for Dissolution on September 26, 2022. Maurice was served on or about October 11, 2022. The parties did not participate in formal discovery. On November 15, 2022, Hannah filed a Joint Affidavit for Entry of Decree, Waiver of Hearing (Joint Affidavit) and a Marital and Property Settlement Agreement (MPSA). That same day, the District Court entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution (Final Decree). The District Court's decree recited that the parties had

2

stipulated to property distribution, waived any further disclosures, and consented to entry of the decree without a hearing.

¶5 A year later, on November 15, 2023, Maurice filed a Motion to Modify the Final Decree and requested relief under § 40-4-208(8), MCA, and M. R. Civ. P. 60(b)(3). Maurice asserted that Hannah fraudulently obtained the Final Decree by forging his signature on the MPSA, thereby misrepresenting his agreement to the property distribution. Maurice submitted affidavits supporting his allegations that he signed only the Joint Affidavit, not the MPSA; that he was unaware of the entry of decree until months later; and that Hannah had prevented him from accessing his mail. Hannah filed a response disputing these claims and attaching her own affidavit. Maurice filed a reply and additional affidavit. The parties requested no oral argument, nor did the District Court schedule one.

¶6 Without holding a hearing, the District Court denied Maurice's motion. The District Court found, among other things, that Maurice had provided "no evidence" or "no sufficient evidence" of forgery. It also determined that, even if Maurice did not sign the MPSA, he had sufficient notice of the dissolution proceedings, waived final disclosure requirements, and could not seek relief under M. R. Civ. P. 60(b). Maurice appeals.

¶7 A district court's ruling on a Rule 60(b) motion is generally reviewed for abuse of discretion, particularly when it involves a discretionary assessment of the facts. *In re Marriage of Hopper*, 1999 MT 310, ¶ 19, 297 Mont. 225, 991 P.2d 960. Where the district court's interpretation or application of the law is at issue, this Court reviews legal conclusions for correctness. *In re Marriage of Miller*, 273 Mont. 286, 291, 902 P.2d 1019, 1021 (1995). Although factual findings typically receive deference, such deference is

3

premised on the district court's opportunity to hear testimony, observe demeanor, and weigh credibility. *See In re Marriage of Barnes*, 251 Mont. 334, 336, 825 P.2d 201, 203 (1992). Where no hearing is held and the court relies exclusively on conflicting affidavits to make dispositive factual findings, the reviewing court owes less deference to those findings.

¶8 Maurice contends the District Court was obligated to hold an evidentiary hearing because the record presents significant factual disputes—chief among them whether he signed the MPSA. Maurice maintains the District Court improperly resolved this factual conflict by crediting Hannah's version of events over his, despite conflicting sworn statements. Hannah argues that no hearing was required because Maurice offered "no actual evidence" of forgery and the District Court could properly rely on affidavits in deciding his motion.

¶9 We have recognized that a district court is not invariably required to hold a hearing on every Rule 60(b) motion. *See Puhto v. Smith Funeral Chapels, Inc.*, 2011 MT 279, ¶ 18, 362 Mont. 447, 264 P.3d 1142. However, in *Puhto*, the material facts were undisputed, making an evidentiary hearing unnecessary. *Puhto*, ¶ 18. In contrast, where a motion turns on sharply disputed factual assertions—particularly those involving alleged fraud—a district court cannot properly resolve credibility determinations or weigh competing affidavits without a hearing. *Compare Willis v. Fertterer*, 2013 MT 282, ¶¶ 33-35, 372 Mont. 108, 310 P.3d 544 (upholding a post-trial ruling that rejected forgery allegations because the district court had heard testimony and reviewed evidence at trial).

4

¶10 Here, Maurice submitted sworn statements averring he signed only one document—the Joint Affidavit—and that his purported signature on the MPSA was forged. Hannah, in her affidavit, insisted Maurice willingly signed both documents. The parties also offered conflicting accounts of whether Maurice had notice of the Final Decree or any filings in December 2022 and January 2023. Despite these contested issues of fact, the District Court did not hold a hearing and instead resolved them by making credibility determinations solely on the affidavits. It concluded Maurice had "not provided sufficient evidence" that his signature was forged, effectively rejecting his sworn statements in favor of Hannah's. It further concluded Maurice must have known of the decree because he received notice by mail or email, disregarding his sworn assertions about Hannah intercepting his mail and his lack of functional email.

¶11 Determining whether a party's signature was forged and whether a party had notice are factual questions typically requiring the factfinder to weigh credibility. In the absence of a hearing, the District Court was not situated to assess the parties' demeanor or the reliability of their testimony under cross-examination. We conclude that the District Court abused its discretion by ruling on Maurice's Rule 60(b)(3) motion without first conducting an evidentiary hearing to resolve these critical factual disputes.

¶12 Maurice also contends that Hannah's alleged forgery constitutes fraud, warranting relief under Rule 60(b)(3). Hannah denies any forgery and asserts Maurice is merely seeking to undo an unfavorable but valid settlement. The District Court denied the motion without a hearing, finding Maurice had not established fraud or any other basis for reopening the decree.

5

¶13 Rule 60(b)(3) authorizes a court to grant relief from a final judgment on grounds of "fraud . . . misrepresentation, or misconduct by an opposing party." The moving party must prove, by a preponderance of the evidence, that the judgment was obtained through the adverse party's fraudulent or deceptive acts. *See Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015) (construing federal analog to Rule 60(b)(3)); *Wagenman v. Wagenman*, 2016 MT 176, ¶ 12, 384 Mont. 149, 376 P.3d 121 (discussing standard under Rule 60(b)).

¶14 Maurice's claim of forgery, if substantiated, would constitute a serious misrepresentation undermining the validity of the decree. As Hannah acknowledges, the District Court was empowered to enter the dissolution decree without a hearing under § 40-4-108(4), MCA, only if both parties consented by affidavit and submitted a settlement agreement disposing of the marital estate. If Maurice did not sign the MPSA, the statutory prerequisite for an uncontested decree was not satisfied. Further, Maurice alleges that Hannah intercepted his mail and concealed the Final Decree, preventing him from timely challenging the property distribution or discovering the alleged fraud.

¶15 Because these allegations raise questions of fact the District Court did not resolve through a formal evidentiary process, the record before us is insufficient to conclude whether Maurice can establish fraud by a preponderance of the evidence. We therefore remand for an evidentiary hearing to allow the District Court to receive testimony, weigh credibility, and make factual findings as to whether fraud, misrepresentation, or misconduct occurred under Rule 60(b)(3).

6

¶16 We emphasize that this decision does not predetermine the outcome of Maurice's forgery allegations. Rather, we hold only that the District Court erred by denying relief without hearing evidence on the disputed factual issues. On remand, the District Court shall conduct a hearing, permit the parties to testify under oath, and allow cross-examination regarding Maurice's signature, the circumstances of the MPSA's execution, and any alleged interception of mail. After making findings on those matters, the District Court shall determine whether Maurice has established grounds for relief under Rule 60(b)(3).

¶17 We conclude the District Court abused its discretion by denying Maurice's motion without an evidentiary hearing. We reverse and remand for further proceedings consistent with this Opinion. On remand, the District Court shall hold an evidentiary hearing to resolve the disputed issues of fact and then determine whether Maurice has shown fraud or other grounds justifying relief under M. R. Civ. P. 60(b)(3).

¶18 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was an abuse of discretion. Reversed and remanded.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

7