No. 05-056

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 57

KENNETH D. CREVELING and
SHARON L. CREVELING,

      Plaintiffs and Respondents,

   v.

E.W. INGOLD,

      Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. BDV 2004-725,
                Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Steven T. Potts, Thompson Potts & Donovan, P.C.
            Great Falls, Montana

      For Respondents:

            Chris A. Johnson, Sullivan Tabaracci & Rhoades, P.C.
            Missoula, Montana

Submitted on Briefs:  September 7, 2005

Decided:  March 14, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Appellant, E.W. Ingold (Ingold), seeks reversal of summary judgment in favor of Respondents Kenneth and Sharon Creveling (Crevelings), and interpretation by this Court of a restrictive covenant (covenant) contained in the warranty deed that effectuated the sale of real property from Ingold to the Crevelings. The covenant states, "No trailers or mobile homes are to be placed upon the property conveyed by this deed." At issue is whether the District Court was correct in determining that the covenant allowed: (1) temporary placement of trailers and mobile homes on the property, (2) placement of trailer houses and mobile homes for non-residential purposes, and (3) development of the property as a campground for recreational vehicles (RVs) and travel trailers. We reverse.

**ISSUES**

¶2    The restated issues on appeal are:

1. Did the District Court err by ruling that the covenant prohibits only the *permanent* placement of mobile homes and trailers on the property?

2. Did the District Court err by ruling that "trailers or mobile homes," as used in the covenant, means only trailer *houses* or mobile homes *used for residences*?

3. Did the District Court err by ruling that the covenant allows development of the property as a campground for RVs and travel trailers?

2

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 The material facts underlying this dispute are not at issue. Ingold sold a portion of his land to the Crevelings in 1977 while he retained adjoining parcels. At Crevelings' request, the warranty deed transferring the property contained a restrictive covenant which states, "No trailers or mobile homes are to be placed upon the property conveyed by this deed." The deed contained no other covenants except those of public record. Nor did the deed contain any other language either explaining the purpose of the covenant, or defining its terms.

¶4 During the summer of 2004, Crevelings negotiated the sale of their property to a third-party purchaser who planned to develop a "sportsman's or RV park." On July 1, 2004, Crevelings filed a petition for declaratory judgment in the District Court, seeking an interpretation of the covenant, and a judicial determination of whether the terms of the covenant prevented use of the property as a campground accommodating RVs and travel trailers. Ingold responded to the petition on August 13, 2004. On September 24, 2004, Crevelings moved for summary judgment, which Ingold opposed on October 5, 2004. The District Court granted summary judgment in favor of Crevelings on November 24, 2004.

## STANDARD OF REVIEW

¶5 Generally, we review *de novo* a district court's summary judgment ruling, applying the same Rule 56, M.R.Civ.P. criteria applied by the district court. *Howard v. St. James Community Hospital*, 2006 MT 23, ¶ 14, 331 Mont. 60,¶ 14, ___ P.3d ___ ¶ 14 (citation omitted). Here, however, as the material facts are uncontroverted, we limit our review to questions of law. *Travelers Cas. v. Ribi Immunochem Research,* 2005 MT 50, ¶ 14, 326

3

Mont. 174, ¶ 14, 108 P.3d 469, ¶ 14 (citation omitted).  A district court's interpretation of a restrictive covenant is a conclusion of law which we review to determine whether the court's conclusion is correct.  *Pablo v. Moore,* 2000 MT 48, ¶ 12, 298 Mont. 393, ¶ 12, 995 P.2d 460, ¶ 12.

## DISCUSSION

¶6    Ingold raises three allegations of error by the District Court.  First, Ingold contests the District Court's determination that use of the phrase "placed upon" in the covenant prevents only permanent, but not temporary, placement of trailers and mobile homes on the property.  Second, Ingold argues the District Court erred when it interpreted the covenant as preventing trailer *houses* and mobile homes *used as residences*, but not RVs and travel trailers used temporarily for camping purposes.  Finally, Ingold disputes the District Court's determination that the covenant does not preclude use of the property for a "RV park, which would provide facilities such as water and electricity, and sewage" for "tents, motor homes, or travel trailers."

## ISSUE ONE

¶7    *1. Did the District Court err by ruling that the covenant prohibits only the permanent placement of mobile homes and trailers on the property?*

¶8    General rules of contract interpretation apply to restrictive covenants. *Toaves v. Sayre* (1997), 281 Mont. 243, 245, 934 P.2d 165, 166 (citations omitted).  Any person having an interest under a writing constituting a contract—like a restrictive covenant—may seek declaratory relief concerning any question of construction arising under the instrument.

4

Section 27-8-202, MCA. Where a contract, and by extension a restrictive covenant, has been reduced to writing, the intention of the parties is to be ascertained, if possible, from the writing alone. Section 28-3-303, MCA; *Wurl v. Polson School Dist. No. 23,* 2006 MT 8, ¶ 16, 330 Mont. 282, ¶ 16, 127 P.3d 436, ¶ 16, (citation omitted). The determination of whether an ambiguity exists in a restrictive covenant, as in a contract, is a question of law for a court to determine. *King Resources, Inc. v. Oliver*, 2002 MT 301, ¶ 21, 313 Mont. 17, ¶ 21, 59 P.3d 1172, ¶ 21 (citation omitted). Restrictive covenants are strictly construed and ambiguities in covenants are resolved to allow free use of property. *Newman v. Wittmer* (1996), 277 Mont. 1, 6, 917 P.2d 926, 929 (citations omitted). Mere disagreement between the parties as to the interpretation of a written instrument, however, does not automatically create an ambiguity. *Wurl,* ¶ 17 (citations omitted). Where the language of a covenant is clear and explicit, the Court must apply the language as written. *Wurl*, ¶16 (citations omitted).

¶9 Here, the District Court looked only to the "plain meaning" of the language of the covenant, and not to extrinsic evidence, to interpret the meaning of the covenant. Therefore, the District Court must have concluded the instrument was not ambiguous and its words should be applied as written. The covenant states, "No trailers or mobile homes are to be placed upon the property conveyed by this deed." We agree with the District Court's conclusion that the restrictive covenant is clear and unambiguous. Therefore, Crevelings' and Ingold's intent in agreeing to the terms of the covenant shall be determined solely by the language of the covenant itself.

¶10     The language of a restrictive covenant should be understood in its ordinary and popular sense. *Fox Farms Estates Landowners v. Kreisch* (1997), 285 Mont. 264, 268, 947 P.2d 79, 82, citing *Toaves,* 281 Mont. at 246, 934 P.2d at 166-67. The District Court here recognized that Montana law gives no specific meaning to the term "placed upon," nor was the phrase defined by the parties in their deed. Therefore, "placed upon" should be given an "ordinary meaning." We disagree however, with what the District Court determined "placed upon" ordinarily means. The District Court found that "'placed upon' contemplates a *permanent* placement of a trailer or mobile home on the property." (Emphasis added.) Thus the District Court concluded that *temporary* placement of trailers or mobile homes on the property was not precluded by the covenant.

¶11     Ingold argues that the District Court's interpretation of "placed upon" is wrong because the parties to the deed did not use any temporal modifiers, like "permanently," to limit the application of the term. We agree. "In the construction of an instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-4-101, MCA, quoted in *Wurl,* ¶ 20. In *Wurl*, we applied this rule in the context of an employment contract between a speech pathologist and the school district. In that case, unambiguous language in Wurl's contract stated that Wurl assented to "other provisions" outlined in a separate agreement which dictated Wurl's compensation. No language of limitation modified the phrase "other provisions." On that basis, we concluded that "to adopt the School District's interpretation of the employment contract would require us to ignore our

6

proper role in interpreting contracts and insert language such as 'salary-related' into the clear, unambiguous and inclusive phrase 'other provisions' in the contract." *Wurl,* ¶ 20. We declined to insert limiting language into the contract in *Wurl. Wurl,* ¶ 20. Similarly, we must decline to insert limiting language into the restrictive covenant before us.

¶12 As discussed in *Wurl*, it is not the proper role of the judiciary to insert modifying language into clearly written and unambiguous instruments where the parties to the instrument declined to do so. The unambiguous language of the covenant here contains no words to indicate the parties' intent to restrict the prohibition of trailers and mobile homes on the property, whether temporally or otherwise. Therefore, pursuant to statutory rules of construction and our case law, we must conclude that the District Court erred in its interpretation of the plain language of the covenant, and that the covenant as written precludes the placement of any trailers or mobile homes upon the property.

## ISSUE TWO

¶13 *2. Did the District Court err by ruling that "trailers or mobile homes," as used in the covenant, means only trailer houses or mobile homes used for residences?*

¶14 Ingold next objects to the District Court's determination that the covenant disallows only trailer *houses*, and those trailers or mobile homes *used for residences*.

¶15 Relying on the same rules of interpretation outlined in Issue One, we determine that the District Court erroneously inserted into the covenant modifying language not intended by the parties when it limited the covenant's effect to prohibiting only "trailer houses" and mobile homes "used for residences." The covenant includes neither the word "house" nor the

7

modifying phrase "used for residences" to confine its application. The covenant's plain language gives no indication the parties intended anything but an absolute prohibition of trailers and mobile homes on the property.

## ISSUE THREE

¶16   *3. Did the District Court err by ruling that the covenant allows development of the property as a campground for RVs and travel trailers?*

¶17   We have determined that the unambiguous language of the covenant prohibits trailers from being placed on the property. Therefore, the District Court erred in ruling that the covenant allows the development of an RV park to the extent that it would accommodate trailers or mobile homes in contravention of the covenant.

## CONCLUSION

¶18   For the foregoing reasons, we reverse.


/S/ PATRICIA COTTER



We Concur:

/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

8

Justice John Warner concurs.

¶ 19    I concur with the Opinion of the Court.  The only alternative to this Court's conclusions is that the warranty deed that effectuated the sale of the property in question from Ingold to Crevelings was ambiguous, and thus a trial would be necessary to determine the intention of the parties.  However, Crevelings specifically argued that the deed is unambiguous and is to be interpreted as a matter of law.  This Court will not formulate arguments or locate authorities for parties on appeal.  *State v. Kearney*, 2005 MT 171, ¶ 16, 327 Mont. 485, ¶ 16, 115 P.3d 214, ¶ 16.

/S/ JOHN WARNER