
DA 06-0563

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 28

IN RE THE MARRIAGE OF:

FLORIAN CORTESE,

        Petitioner and Appellee,

  v.

CHARLENE CORTESE, n/k/a CHARLENE AMATO,

        Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Second Judicial District, In and For the County of Butte/Silver Bow, Cause No. DR-02-215 Honorable Kurt Krueger, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          David L. Vicevich, Joseph, Vicevich & Whelan, Butte, Montana

      For Appellee:

          R. D. Corette and C. Kathleen McBride, Corette, Pohlman & Kebe, Butte, Montana

Submitted on Briefs: May 2, 2007

Decided: February 4, 2008

Filed:

                               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Charlene Cortese appeals from an order and judgment entered in the Second Judicial District, Silver Bow County, terminating the maintenance obligation of her ex-husband, Florian Cortese.

¶2     The sole issue in this appeal is whether the District Court erred in finding as a matter of law that Florian's monthly maintenance obligation to Charlene ended when she remarried.

¶3     On March 17, 2005, the District Court entered a Final Decree of Dissolution of Marriage of Florian and Charlene. The Decree incorporated a Marital and Property Settlement Agreement. The Agreement included separate sections providing for maintenance and distribution of the marital estate. The maintenance provisions required that Florian make monthly payments to Charlene through 2009, pay Charlene's health insurance for eighteen months, and pay the remaining debt on one of Charlene's credit cards. The Agreement includes a paragraph stating: "The parties specifically agree that provisions for maintenance herein are non-modifiable." There is no provision in the agreement that Florian's maintenance obligation would continue in the event Charlene remarried.

¶4     On December 29, 2005, Charlene remarried. In February 2006, Florian filed a motion to terminate his maintenance obligation, arguing that it ended by operation of law when Charlene remarried. On July 3, 2006, the District Court, treating Florian's motion as one for summary judgment, entered an Order and Judgment terminating his obligation to continue making maintenance payments. Charlene now appeals from this Order and Judgment.

¶5     We review a summary judgment ruling de novo. *Fulton v. Fulton*, 2004 MT 240, ¶ 6, 322 Mont. 516, ¶ 6, 97 P.3d 573, ¶ 6. Summary judgment is appropriate when no genuine

issue of material fact exists and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c).

¶6     Section 40-4-208(4), MCA, provides: "Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon . . . the remarriage of the party receiving maintenance."

¶7     If a separation agreement contains no express provision which addresses the termination of a maintenance obligation provided for therein, remarriage of the party receiving maintenance terminates the maintenance obligation, unless maintenance payments are intended as part of the property division. *Bertagnolli v. Bertagnolli*, 185 Mont. 1, 4, 604 P.2d 299, 301 (1979). We conclude that pursuant to § 40-4-208(4), Florian's maintenance obligation to Charlene ended when she remarried.

¶8     Charlene is correct that when a separation agreement provides that maintenance payments are "in the nature of a property settlement," remarriage will not terminate a maintenance obligation. *In re Marriage of Hahn*, 263 Mont. 315, 322, 868 P.2d 599, 603 (1994). Such language in the separation agreement at issue in *Hahn* was sufficient to defeat the operation of § 40-4-208(4). However, there is no provision in the separation agreement at issue here which could be construed to make the monthly payments from Florian to Charlene a part of the property distribution. To the contrary, the property distribution and maintenance provisions are in separate sections of the agreement. Likewise, the separation agreement's provisions concerning its tax consequences reiterate that only the provisions in the maintenance section—monthly payments, health insurance, and payments on one particular credit card—constitute maintenance.

3

¶9 Montana law also provides that a decree of dissolution may "expressly preclude or limit modification of terms set forth in the decree." Section 40-4-201(6), MCA. If an agreement between parties limits modification, a District Court must adhere to the non-modification clause and cannot later modify the agreement. *In re Marriage of Bolstad*, 203 Mont. 131, 135, 660 P.2d 95, 97 (1983). Similar to the agreement in this case, *Bolstad* involved a separation agreement that expressly precluded modification. However, the petition to reduce maintenance in *Bolstad* was based on an alleged inability to pay. *Bolstad*, 203 Mont. at 134, 660 P.2d at 96. It did not involve a situation where the party receiving maintenance remarried. *Bolstad* is therefore inapposite.

¶10 The dissent, while acknowledging that the separation agreement does not mention remarriage, would add to it a provision that Charlene's remarriage does not terminate maintenance. Such an addition would be contrary to the Court's role in interpreting contracts: "In the construction of an instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-4-101, MCA. *See also Anderson v. Stokes*, 2007 MT 166, ¶ 46, 338 Mont. 118, ¶ 46, 163 P.3d 1273, ¶ 46 (relying on the plain language in an easement grant and declining to insert additional words into the grant); *Wurl v. Polson School Dist. No. 23*, 2006 MT 8, ¶ 20, 330 Mont. 282, ¶ 20, 127 P.3d 436, ¶ 20 (declining to interpret an employment contract to insert additional language not in the contract itself); *Creveling v. Ingold*, 2006 MT 57, ¶ 12, 331 Mont. 322, ¶ 12, 132 P.3d 531, ¶ 12 (concluding that "it is not the proper role of the judiciary to insert modifying language

into clearly written and unambiguous instruments where the parties to the instrument declined to do so").

¶11    Both § 40-4-208(4), MCA, and § 40-4-201(6), MCA, concern the subject of dissolution of marriage. Section 40-4-208(4), MCA, is a separate, specific statute providing that maintenance will terminate if the party receiving it remarries, unless it is expressly agreed otherwise or specifically provided in the decree. Section 40-4-201(6), MCA, is a statute which applies generally to provisions in separation agreements, which provides that the parties may, if they so desire, limit the court's ability to later modify their agreement. These two statutory provisions are not necessarily inconsistent because both can potentially be applied to the same agreement.[1] Where statutes relate to the same general subject they should be construed together, where there is no inconsistency between them, so as to give effect to both where possible. *City of Billings v. Smith*, 158 Mont. 197, 212, 490 P.2d 221, 230 (1971); *State ex rel. Ronish v. School District No. 1 of Fergus County*, 136 Mont. 453, 462, 348 P.2d 797, 802 (1960).

¶12    Taking § 40-4-208(4) and § 40-4-201(6) together, we discern the legislative intent to be that upon the remarriage of a party receiving maintenance, maintenance will terminate by operation of law, even if the separation agreement provides that the agreement cannot be modified. For maintenance to continue after the receiving party remarries, a written separation agreement or a court decree must include an express provision that maintenance will not terminate on remarriage of the party receiving maintenance. Thus, despite the non-

modification provision in the Agreement, Florian's maintenance obligation to Charlene ended by operation of law when she remarried.

¶13  There are no material facts in issue, and the District Court applied the law correctly. Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS

Chief Justice Karla M. Gray, dissenting.

¶14  I dissent from the Court's conclusion in ¶ 7 that, pursuant to § 40-4-208(4), MCA, Florian's maintenance obligation to Charlene ended when she remarried. I would reverse the District Court.

¶15  The maintenance provisions in the Marital and Property Settlement Agreement incorporated into the decree of dissolution required Florian to pay Charlene a certain sum each month, beginning April 1, 2005, as maintenance. The final payment was to be made on December 1, 2009. In my view, the date certain for the final payment of maintenance—while not referencing remarriage—is an agreement in writing regarding the obligation to pay future maintenance pursuant to § 40-4-208(4), MCA. I would enforce the Agreement incorporated into the decree by its terms.

---

[1]  For example, in the present case, if Florian had petitioned to modify his maintenance obligation as it somehow became unconscionable, a possibility provided for by § 40-4-208(2)(b)(i), MCA, the Court would not have the authority to grant

¶16    I dissent.

/S/ KARLA M. GRAY

---

the petition as the agreement invokes § 40-4-201(6), MCA, to prevent a modification. Nevertheless, § 40-4-208(4), MCA, applies to terminate maintenance upon Charlene's remarriage.