FILED

04/10/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0490

DA 17-0490

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 82

JAMES H. COSSITT; GLACIER
MOUNTAINEERING GUIDES, LLC.,

        Plaintiffs and Appellants,

   v.

FLATHEAD INDUSTRIES, INC.,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV 17-99-C
                    Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        James H. Cossitt, James H. Cossitt P.C., Kalispell, Montana

        For Appellee:

        Antonia P. Marra, William J. Levine, Marra, Evenson & Bell, P.C.,
        Great Falls, Montana

                          Submitted on Briefs:  February 28, 2018

                                   Decided:  April 10, 2018

Filed:

                                    _____
                                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 James Cossitt and Glacier Mountaineering Guides, LLC (collectively "Cossitt") appeal from the Order Dismissing Complaint entered by the Eleventh Judicial District Court, Flathead County. Cossitt raises four issues, but we address the following:

1. *Did the District Court err by dismissing the claims asserted under the Montana Residential Landlord and Tenant Act of 1977 (Landlord-Tenant Act)?*

2. *Did the District Court err by dismissing claims alleging violations of the restrictive covenants?*

We affirm in part, reverse in part and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Cossitt and Flathead Industries, Inc. (Flathead) own neighboring townhouse duplexes in Kalispell. Cossitt owns the duplex located at 1229 and 1231 Sixth Street West, and Flathead owns the duplex at 1233 and 1235 Sixth Street West. The duplexes share a common property boundary, with a fence separating the two properties. Flathead rents its townhouses to disabled persons. Flathead is an assisted-living service provider, and, as such, provides assisted-living services to its tenants. Cossitt occupies one townhouse and rents out the other townhouse in his duplex.

¶3 Pursuant to a 1980 Declaration of Covenants, Conditions, and Restrictions of Sixth Street West Townhouses (Covenants), Cossitt and Flathead are the only members of a homeowners' association. Article IX of the Covenants contains "Use Restrictions," prohibiting use of the properties for business or commercial purposes and prohibiting members from engaging in "noxious or offensive activity" that may "interfere with the quiet enjoyment of each of the owner's respective residence."

2

¶4 On January 25, 2017, Cossitt filed a Complaint against Flathead and "John Does 1-5," referring to the tenants of Flathead's property. Count I alleged that Flathead violated the business use restriction in the Covenants by conducting its living support programs "at" the townhouse for its tenants, and "out of" the property; allowing employees and contractors to park vehicles on lawns and non-paved surfaces, and plowing snow to create de facto employee parking lots in the front yard, causing vehicle congestion; and allowing trash and construction materials to accumulate. Count I also alleged that Flathead and the tenants engaged in "noxious or offensive activity" in violation of the Covenants by allowing employees to drive vehicles across Cossitt's front yard, damaging flower beds, landscaping boundaries, and border materials; smoking on Flathead property and allowing smoke to waft onto Cossitt's property; parking in a manner that obstructs Cossitt's access to his driveway; having frequent loud conversations; and operating televisions loudly. Count II prayed for a Temporary Restraining Order and preliminary injunction. Count III alleged that Flathead breached obligations to Cossitt under the Landlord-Tenant Act. Count IV prayed for a declaratory judgment as to the rights, status, and legal relations between all parties.

¶5 Flathead responded by filing a M. R. Civ. P. 12(b)(6) motion to dismiss the Complaint for failure to state a claim.[1] On August 1, the District Court entered its Order Dismissing Complaint, granting the motion. Regarding Count I, the District Court determined that Cossitt pled no facts to support a violation of the Covenants' business use

---

[1] Cossitt subsequently filed several other motions, including: an April 28 motion for leave to amend the complaint; a May 2 motion for a temporary restraining order and preliminary injunctive relief; and a July 5 motion for injunctive relief. The District Court issued an order denying the first request for preliminary injunctive relief on May 4 but did not rule on Cossitt's other motions.

restrictions, reasoning that providing assisted-living services to residences could not itself be considered running a business. The court did not separately analyze the alleged breach of the Covenants' prohibition against "noxious or offensive activity." As to Count III, the court determined Cossitt failed to establish standing to assert claims under the Landlord-Tenant Act, because the Act applies to landlords, tenants, and third-parties who visit the premises. The District Court dismissed the claims for injunctive and declaratory relief under Counts II and IV.

¶6 Cossitt appeals.

## STANDARD OF REVIEW

¶7 We review de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6). *W. Sec. Bank v. Eide Bailly LLP*, 2010 MT 291, ¶ 18, 359 Mont. 34, 249 P.3d 35 (citation omitted). A district court's determination that a complaint has failed to state a claim for which relief can be granted is a conclusion of law which we review for correctness. *Sinclair v. Burlington N. & Santa Fe Ry.*, 2008 MT 424, ¶ 25, 347 Mont. 395, 200 P.3d 46 (citation omitted).

## DISCUSSION

¶8 Rule 8(a), M. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a demand for relief sought. The purpose of Rule 8(a) is to provide the defendant fair notice of the claim and the grounds upon which it rests so that the defendant may prepare a responsive pleading. *Salminen v. Morrison & Frampton, PLLP*, 2014 MT 323, ¶ 20, 377 Mont. 244, 339 P.3d 602 (citations omitted). This Court and the district court must accept as true the

4

complaint's factual allegations, considering them in the light most favorable to the plaintiff. *Salminen*, ¶ 18 (citations omitted).

¶9 We follow liberal rules of pleading to allow for compliance with the spirit and intent of the law, rather than a rigid adherence to formula or specific words. *McKinnon v. W. Sugar Coop. Corp.*, 2010 MT 24, ¶ 17, 355 Mont. 120, 225 P.3d 1221. However, liberal application of the rules does not excuse omission of facts necessary to entitle relief. *Mysse v. Martens*, 279 Mont. 253, 266, 926 P.2d 765, 773 (1996). Rather, the "complaint must state something more than facts which, at the most, would breed only a suspicion" that the claimant may be entitled to relief. *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 42, 337 Mont. 1, 155 P.3d 1247. A district court may dismiss a complaint for failure to state a claim if it appears "beyond doubt" the plaintiff can "prove no set of facts in support of his claim that would entitle him to relief." *Jones*, ¶ 15 (citation omitted).

¶10 *1. Did the District Court err by dismissing the claims asserted under the Landlord-Tenant Act?*

¶11 The District Court determined the Complaint did not allege facts that would establish that Cossitt had standing under the Landlord-Tenant Act, because the Act applied only to landlords, tenants, and guests on the premises. The Complaint alleged that Flathead and its residents breached their obligation of good faith to Cossitt because the Landlord-Tenant Act required them to "conduct oneself . . . in a manner that will not disturb the tenant's neighbors' peaceful enjoyment of the premises[.]" Section 70-24-321(1)(f), MCA. On appeal, Cossitt argues that "neighbor" and "premises" apply not only to other tenants on Flathead's property, but to occupants of neighboring buildings.

¶12 The Landlord-Tenant Act provides for the "rights and obligations of landlords and tenants." Section 70-24-102(2)(a), MCA. Generally, landlords and tenants are the only persons that may bring a claim under the Act. We have recognized only a narrow exception for "third persons such as a guest of a tenant[,]" observing that the "minimum duties of the landlord . . . extend to any person foreseeably on the premises." *Kunst v. Pass*, 1998 MT 71, ¶¶ 31-32, 288 Mont. 264, 957 P.2d 1 (concluding the Landlord-Tenant Act applied to an overnight guest of a tenant who suffered carbon monoxide poisoning in the tenant's apartment). Then, § 70-24-321, MCA, entitled "Tenant To Maintain Dwelling Unit[,]" requires the tenant to "conduct oneself and require other persons on the premises with the tenant's consent to conduct themselves in a manner, that will not disturb the tenant's neighbors' peaceful enjoyment of the premises[.]" Section 70-24-321(1)(f), MCA. The Act defines "premises" as "a dwelling unit and the structure of which it is a part, the facilities and appurtenances in the structure, and the grounds, areas, and facilities held out for the use of tenants generally or promised for the use of a tenant." Section 70-24-103(11), MCA.

¶13 Here, Cossitt does not allege he is a landlord, tenant, guest, or that he otherwise suffered an injury on Flathead's premises. Given the parameters of the Act, we conclude the District Court did not err by dismissing Count III because Cossitt can prove "no set of facts" in support of his claim that would entitle him to relief under the Landlord-Tenant Act. *See Jones*, ¶ 15.

¶14 2. *Did the District Court err by dismissing claims alleging violations of the restrictive covenants?*

   **A. Business use restrictions.**

6

¶15 The Complaint alleges that Flathead's employees and contractors operated its business out of the townhouses, used Flathead's front lawn as a "de facto" employee parking lot, and allowed trash and construction materials to accumulate on Flathead property, in violation of Article IX of the Covenants, which provides, in pertinent part:

> Section 2. Business and Related Use. No part of the properties shall ever be used or caused, allowed or authorized in any way, directly or indirectly, to be used for any business [or] commercial . . . purpose.

¶16 In its Order Dismissing Complaint, the District Court perceived the Complaint to allege that Flathead's provision of assisted-living services constituted the operation of a business *by a tenant*:

> [P]ersons visiting, or even providing services to a residence *does not equate to the resident of a home conducting 'business.'* If that were the case, then anyone who hired a cleaning or lawn service would be conducting business for themselves, which is not what is typically, ordinarily, and usually meant by the phrase 'conducting business.'

(Emphasis added.) Noting the principle that ambiguities in restrictive covenants should be construed to allow free use of property, the District Court reduced Cossitt's allegations to innocent assertions "that their neighbors are living in homes and using the yards, driveways, and public streets."[2]

¶17 However, taking the facts stated in the Complaint as true, Cossitt does not allege that residents or tenants are themselves conducting business, or that Flathead is conducting business merely by providing assisted-living services to tenants, but rather that Flathead is running a business out of its townhouses, including using Flathead's property in a manner

---

[2] Although "restrictive covenants are strictly construed and ambiguities in covenants are resolved to allow free use of property," *Creveling v. Ingold*, 2006 MT 57, ¶ 8, 331 Mont. 322, 132 P.3d 531, the interpretation of the term "business" and the resolution of any ambiguities in the Covenants are inappropriate issues in the consideration of a 12(b)(6) motion to dismiss.

that exceeds residential use. The Complaint asserts that Flathead "[c]onducted the business operations of [Flathead] out of 1233 & 1235 6th Street West using employees and contractors who add to the vehicle congestion and use of an excessive number of vehicles." The Complaint adequately asserts a cognizable violation of the business use restrictions, which, as asserted, are broad in scope, prohibiting "in any way," either "directly or indirectly," "any business" use. Of course, the question on a motion to dismiss is not whether Cossitt can ultimately succeed in proving a claim as a matter of law, but whether it appears that Cossitt "can prove no set of facts in support of his claim that would entitle him to relief." *Jones*, ¶ 15. Cossitt must put Flathead on notice of the "facts that the plaintiff intends to prove[,]" and that they "disclose the elements necessary to make the claim[.]" *See Kunst*, ¶ 35. We conclude that Cossitt's business use allegations satisfy notice pleading requirements, and the District Court erred by determining that Cossitt could prove no set of facts in support of his claim that would entitled him to relief.[3]

### B. Right to Quiet Enjoyment.

¶18 The Complaint states that Flathead and its tenants have driven over Cossitt's property and damaged his landscaping, blocked access to his driveway, smoked tobacco,

---

[3] Flathead argues on appeal it is not engaging in business activities, but merely providing services to allow residents to use the property for residential purposes, and that such use is allowed pursuant to our holding in *State ex rel. Region II Child & Family Servs. v. District Ct.*, 187 Mont. 126, 609 P.2d 245 (1980). In *State*, this Court held that a restrictive covenant that limited use of homes in a subdivision to "single family dwellings" did not prohibit a group home for children run by a caretaker from living in a home in the subdivision because the group house was "structured as a single housekeeping unit, and to all outside appearances is a usual, stable and permanent family unit." *State*, 187 Mont. at 129-30, 609 P.2d at 247-48. We take no position here on application of the business use restriction to assisted living residences, and the factual question of whether Flathead is engaging in business activities at its townhouses may be further addressed in the proceeding.

had loud conversations, and listened to television loudly, in violation of Article IX, Section 3 of the Covenants, which provides:

> Noxious or Offensive Activities. No noxious or offensive activity shall be carried on upon any part of the properties, nor shall anything be done thereon which may be, or may become, an annoyance or nuisance to the neighborhood, or which shall in any way interfere with the quiet enjoyment of each of the owners of his respective residence, or which shall in any way increase the rate of insurance.

¶19 We conclude that Cossitt pled sufficient facts to allege a violation of the Covenants based on noxious or offensive activity. The language of the covenant restriction is broad both in the type of activities covered and the persons the restriction applies to, encompassing "anything" that "may become" an "annoyance or nuisance to the neighborhood" or action which "in any way" may interfere "with the quiet enjoyment of each of the owners of his respective residence." In alleging obstruction of his driveway, interference with ingress and egress, use of tobacco that produces second-hand smoke that "wafts or drifts into [Cossitt's] airspace and residence," and frequent loud talking and loud operation of televisions, Cossitt has sufficiently alleged a "noxious or offensive activity" prohibited under the Covenants. We conclude the District Court erred by dismissing the alleged quiet enjoyment violations in its Order Dismissing Complaint.

## CONCLUSION

¶20 We conclude the District Court erred by dismissing Cossitt's claims alleging violations of the Covenants governing business use and noxious or offensive activity. We reverse and remand to the District Court for further proceedings on these claims consistent with this opinion. The District Court may consider amendments to pleadings, injunctive

9

relief or declaratory action, or further action as is necessary. We affirm the District Court's dismissal of the remainder of Cossitt's claims.[4]


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER

---

[4] We have affirmed herein the District Court's dismissal of the claims under the Landlord-Tenant Act, and have addressed only the allegations in Count I of the Complaint that support a cognizable claim under the Covenants. Thus, all other claims were properly dismissed. For example, Cossitt alleges that Flathead "erected signs on the front fence" of its residence, in violation of Article IX, Section 7 of the Covenants, which prohibits signage. However, Flathead put up signs stating "No [Flathead] parking" parallel to a public street to appease Cossitt, who complained of too many vehicles in front of Flathead residences. Cossitt cannot at once both benefit from a violation of one of the covenants, and at the same time prosecute Flathead for violating the same covenant. *See, e.g.*, *McKay v. Wilderness Dev.*, LLC, 2009 MT 410, ¶ 94, 353 Mont. 471, 221 P.3d 1184. Further, Cossitt admits in the record the issue is now moot because Flathead has since taken down the signs. The Complaint also alleges that Flathead "announced plans for improvements" to Flathead's property in violation Article VIII of the Covenant. However, Article VIII only conditions the commencement of construction projects on approval by an architectural committee appointed by the homeowners' association. The mere fact that Flathead "announced plans" for improving its residences does not support an actionable claim for violation of the Covenant under this section.