FILED

05/24/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0410

DA 21-0410

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 101N

CRAZY MOUNTAIN CATTLE CO., RICHARD
JARRETT, and ALFRED ANDERSON,

Plaintiffs and Appellants,

v.

WILD EAGLE MOUNTAIN RANCH, ENGWIS
INVESTMENT COMPANY, LTD., a Montana
limited partnership; R.F. BUILDING COMPANY,
LP, a Montana limited partnership,

Defendants and Appellees.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV-2020-142
Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Monica J. Tranel, Tranel Law Firm, P.C., Missoula, Montana

For Appellee Wild Eagle Mountain Ranch, LLC:

Nicholas J. Lofing, Garlington, Lohn & Robinson, PLLP, Missoula,
Montana

For Appellees Engwis Investment Company and R.F. Building Company

Stephen E. Woodruff, Huppert, Swindlehurst & Woodruff, P.C.,
Livingston, Montana

Elizabeth Greenwood, Inga L. Parsons, Greenwood Law, LLC,
Pinedale, Wyoming

Submitted on Briefs:  March 30, 2022

Decided:  May 24, 2022

Filed:

<u>Clerk</u>

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Crazy Mountain Cattle Co., Richard Jarrett, and Alfred Anderson (Landowners) appeal the Sixth Judicial District Court's dismissal of their claims against Wild Eagle Mountain Ranch, LLC, Rock Creek Ranch I LTD., Diana's Great Idea, LLC, Engwis Investment Company, LTD., and R.F. Building Company, LP (collectively Neighbors) for tortious interference with contract and economic business opportunities, abuse of process, and unjust enrichment.[1] Landowners contend that their complaint is well-pleaded and that the District Court's dismissal of their claims pursuant to M. R. Civ. P. 12(b)(6) was in error. We reverse and remand.

¶3     Jarrett and Anderson's families have ranched in Montana since the early 1900s. Jarrett and Anderson contracted with Pattern Energy Group 2 LP and its subsidiaries (Pattern) to develop a wind farm called Crazy Mountain Wind (CMW). Jarrett and Anderson began working on the project as early as 2004. Neighbors are corporate entities who own land surrounding and abutting Landowners' properties.

---

[1] During briefing on appeal, Landowners notified the District Court and this Court that they had settled with and were dismissing Appellees Rock Creek Ranch I, LTD and Yellowstone River Ranch, d/b/a Diana's Great Idea, LLC.

¶4 In September 2018, Neighbors filed a complaint in the Sixth Judicial District Court, claiming, among other things, that CMW's construction constituted a public, private, and anticipatory nuisance and seeking injunctive relief and damages. Wild Eagle Mountain Ranch (WEMR) moved to intervene in December 2018. We summarized the facts of the underlying nuisance litigation in *Diana's Great Idea, LLC v. Jarrett*, of which we take judicial notice. 2020 MT 199, 401 Mont. 1, 471 P.3d 38.

¶5 Neighbors collectively moved for a preliminary injunction, which the District Court granted in March 2019. Landowners filed three amended answers in May and June, asserting numerous counterclaims and adding WEMR as a counterclaim defendant. Neighbors moved to dismiss the counterclaims, asserting that they were time-barred and compulsory.

¶6 In July, Pattern moved the District Court to dismiss it without prejudice from the lawsuit, explaining that because of the preliminary injunction, it was impossible to obtain the necessary financing to complete the project and to satisfy contractual obligations; Pattern thus was abandoning the development of CMW.

¶7 The District Court granted Neighbors' motion to dismiss with prejudice. On appeal, we affirmed the District Court's dismissal of the counterclaims but determined that the dismissal should have been without prejudice. *Diana's Great Idea*, ¶ 35. On remand, the District Court dismissed the counterclaims without prejudice.

¶8 In September 2020, Landowners filed a complaint against Neighbors, alleging that they filed the nuisance suit to prevent the development of CMW and to obtain control of Landowners' property. Landowners amended the complaint in December, and a month

4

later, Neighbors filed individual motions to dismiss pursuant to Rule 12(b)(6). Following oral argument, the District Court granted Neighbors' motions to dismiss without prejudice.

¶9 Landowners filed a Second Amended Complaint in May 2021. Later that same month, Neighbors again moved to dismiss pursuant to Rule 12(b)(6). On July 22, 2021, the District Court granted dismissal with prejudice. Landowners appeal.

¶10 We review de novo a district court's ruling on a motion to dismiss, using the criteria set forth in Rule 12(b)(6). *Puryer v. HSBC Bank USA, N.A.*, 2018 MT 124, ¶ 9, 391 Mont. 361, 419 P.3d 105. We review for correctness a district court's conclusion of law that a complaint fails to state a claim for which relief may be granted. *Plakorus v. Univ. of Mont.*, 2020 MT 312, ¶ 8, 402 Mont. 263, 477 P.3d 311 (citation omitted). In evaluating a complaint, a district court "must take all well-pled factual assertions as true and view them in the light most favorable to the claimant, drawing all reasonable inferences in favor of the claim." *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 8, 390 Mont. 12, 407 P.3d 692. When reviewing a district court's dismissal pursuant to Rule 12(b)(6), we apply the same standard. *See Scheafer v. Safeco Ins. Co.*, 2014 MT 73, ¶ 14, 374 Mont. 278, 320 P.3d 967.

¶11 Landowners pleaded four counts in their Second Amended Complaint. Counts I and II allege that Neighbors tortiously interfered with Landowners' contract and prospective business relationship with CMW. Count III alleges that Neighbors "willfully" abused the civil process by filing the nuisance suit and dismissing it without prejudice. Count III further alleges that Neighbors filed the suit for "the improper purpose of defeating the financing for Crazy Mountain Wind" and obtaining control over Landowners' property.

5

And Count IV alleges that Neighbors unjustly enriched themselves because they "received the benefit of controlling all of [Landowners'] property" without compensation. Landowners also requested prejudgment interest and punitive damages.

¶12 Relying solely on the factual allegations and these claims, the District Court concluded that Landowners' Second Amended Complaint failed to set forth "a viable abuse of process claim" because they had not identified "a willful act in the use of process not proper in the regular conduct of the proceeding." The court concluded further that the tortious interference and unjust enrichment claims "hinge[d] on the viability of the Abuse of Process claim" and thus also were insufficiently pleaded.

¶13 Landowners argue on appeal that their claims, as pleaded in the Second Amended Complaint and taken as true, are actionable under Montana law, and the District Court erred in granting Neighbors' motions to dismiss.

¶14 "An asserted claim is subject to dismissal if, as pled, it is insufficient to state a cognizable claim entitling the claimant to relief." *Anderson*, ¶ 8 (citing M. R. Civ. P. 12(b)(6)). Under M. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as a demand for relief sought. Rule 8(a) serves to "provide the defendant fair notice of the claim and the grounds upon which it rests, . . . so that the defendant may prepare a responsive pleading." *Salminen v. Morrison & Frampton, PLLP*, 2014 MT 323, ¶ 20, 377 Mont. 244, 339 P.3d 602 (citations omitted).

¶15 "We follow liberal rules of pleading to allow for compliance with the spirit and intent of the law, rather than a rigid adherence to formula or specific words." *Cossit v.*

6

*Flathead Indus.*, 2018 MT 82, ¶ 9, 391 Mont. 156, 415 P.3d 486 (citation and quotations omitted). Still, a well-pled complaint "must state something more than facts, which, at the most, would breed only a suspicion that the claimant may be entitled to relief." *Cossit*, ¶ 9 (citation and quotations omitted). A court may dismiss a complaint for failing to state a claim "if it appears beyond doubt [that] the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Cossit*, ¶ 9 (citation and quotations omitted).

¶16 Landowners first argue that the District Court erred when it concluded that the complaint failed to state a prima facie claim for abuse of process. They assert that the District Court mischaracterized the basis for their abuse of process claim and erred when it held that "the mere 'collateral effect' of controlling [Landowners'] land [did] not constitute" a willful act in the use of process.

¶17 Neighbors argue that the District Court properly dismissed the Second Amended Complaint for failure to state a claim. Engwis contends that Landowners' allegations describe merely the proper result of obtaining a preliminary injunction and thus no abuse of process. It further asserts that, unlike other valid abuse of process claims, the nuisance suit was not meritless and there is no proof that it was used to coerce Landowners. WEMR contends that the complaint fails to make specific factual allegations about WEMR. It argues, moreover, that the Second Amended Complaint does not set forth the elements of an abuse of process claim because its complaint in intervention and request for preliminary injunction cannot be an abuse of process and because Landowners have failed to allege an ulterior purpose.

7

¶18 To prevail on an abuse of process claim, a plaintiff must show two elements: "(1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Seltzer v. Morton*, 2007 MT 62, ¶ 57, 336 Mont. 225, 154 P.3d 561 (citing *Brault v. Smith*, 209 Mont. 21, 28-29, 679 P.2d 236, 240 (1984)). A plaintiff acts with an ulterior purpose if he or she uses a "process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do." *Seltzer*, ¶ 57 (quoting *Brault*, 209 Mont. at 29, 679 P.2d at 240). The filing of a complaint, including a complaint in intervention, satisfies the willful act element if the complaint was filed to achieve an illegitimate purpose and if the plaintiff used the complaint "as an instrument of coercion, rather than a legitimate means to resolve a genuine dispute." *Seltzer*, ¶ 58.

¶19 Though labyrinthine, the Second Amended Complaint meets the Rule 12(b)(6) standards to survive a motion to dismiss. Paragraph 87 alleges that all "corporate defendants, including WEMR, were not seeking to appropriately abate a nuisance" in filing suit and seeking a preliminary injunction "but instead were pursuing the improper purpose of attempting to own and control all of [Landowners'] private land and to dictate how [Landowners] use their ranches." Paragraph 101 similarly alleges that

> Corporate defendants, including WEMR, filed an improper lawsuit and sought a preliminary injunction, in addition to the other steps they took in prosecuting a case they had no intention of taking to its conclusion, for the improper purpose of defeating the financing for Crazy Mountain Wind, and for the improper purpose of controlling the land of [Landowners] in an effort to "squeeze them out," by extorting from [Landowners] the absence of wind development, and by denying them the ability to use their private property for the lawful purposes as they saw fit to do.

¶20 Landowners allege an ulterior purpose and misuse of process beyond what the District Court described in its order. The complaint does not allege that Neighbors simply sought to "kill" the wind project; it alleges, rather, that the nuisance action was filed for the improper purpose of cutting off financing for the project and driving Landowners to financial ruin so that Neighbors could obtain ownership of the land. Neither of these alleged purposes is a proper outcome of a nuisance action. Likewise, the alleged motives of Neighbors in filing or intervening in the nuisance suit—to financially devastate Landowners and drive them off their land—are not mere collateral effects of the "bad intentions" of Neighbors. As we must take these allegations as true and view them in the light most favorable to Landowners, we conclude they are adequate to state a claim for abuse of process. The allegations go beyond raising a mere suspicion that Neighbors acted with an ulterior motive in filing or intervening in the nuisance suit.

¶21 Neighbors maintain, however, that Landowners' allegations lack factual support and that the Second Amended Complaint conflates the roles of the individual appellees. Resolution of these factual disputes is not appropriate on a motion to dismiss. Neighbors are free to challenge the factual sufficiency of Landowners' claims through a motion for judgment on the pleadings under M. R. Civ. P. 12(c) (*see Asarco LLC v. Atl. Richfield Co.*, 2016 MT 90, ¶ 10, 383 Mont. 174, 369 P.3d 1019); by moving for a more definite statement under M. R. Civ. P. 12(e) (*see Nystrom v. Melcher*, 262 Mont. 151, 155, 864 P.2d 754, 757 (1993)); or by moving for summary judgment under M. R. Civ. P. 56. The merit of the nuisance action similarly is irrelevant at this stage. The question is not whether the suit

lacked merit but whether the Neighbors used the action "as an instrument of coercion, rather than a legitimate means to resolve a genuine dispute." *Seltzer*, ¶ 58.

¶22 Without commenting on the validity of Landowners' claims, we conclude that, construing all allegations in the light most favorable to the Landowners, their Second Amended Complaint alleges facts sufficient to withstand Neighbors' Rule 12(b)(6) motions. Because the District Court's analysis rose and fell on Landowners' abuse of process claim, we decline to address Landowners' other claims.

¶23 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We reverse and remand for further proceedings.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

Justice Laurie McKinnon, dissenting.

¶24 I respectfully dissent from the Court's conclusion that Landowners' Second Amended Complaint was sufficient to survive Neighbors' Rule 12(b)(6) motion. I do not base my decision on "whether the Neighbors used the action 'as an instrument of coercion, rather than a legitimate means to resolve a genuine dispute.'" Opinion, ¶ 21 (quoting *Seltzer*, ¶ 58). Rather, I would affirm the District Court under its reasoning that the Second

10

Amended Complaint is unclear, does not plainly set forth claims, and does not provide notice to Neighbors. The District Court correctly observed that the "[Second Amended Complaint] leaves it to the Court (and Defendants) to parse through the [Second Amended Complaint] and exhibits (hundreds of pages and a video) to identify specific facts in support of Plaintiffs' precise position." The District Court declined the invitation to do so, and so should we.

¶25 Landowners' first complaint was dismissed without prejudice for the same reason. Regarding the first dismissal, the District Court noted that "the Amended Complaint lacks a structure that plainly sets forth how each Defendant is liable under the required elements"; however, out of "an abundance of caution," the dismissal was without prejudice." In my view, this Court should not parse through the poorly-defined, lengthy, and burdensome Second Amended Complaint, which contains hundreds of pages of attachments plus a video and which waits nearly forty pages before listing Landowners' specific allegations against the Defendants. Here, Landowners, who are represented by counsel, were given a second chance and did not correct the deficiency. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. M. R. Civ. P. 8(a)(1) (titled "Rules of Pleading"). Each allegation in a complaint "must be simple, concise, and direct." M. R. Civ. P. 8 (d)(1). Landowners' Second Amended Complaint failed to comply with these simple rules of pleading.

¶26 I would affirm the District Court under this reasoning.

/S/ LAURIE McKINNON

11